**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

|  |  |
|---|---|
| KALSHIEX LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>BRENNA BIRD, in her official capacity as Attorney General of Iowa; the IOWA RACING & GAMING COMMISSION; TINA EICK, in her official capacity as Administrator of the Iowa Racing & Gaming Commission; AMY BURKHART, in her official capacity as Chair of the Iowa Racing & Gaming Commission; DARYL OLSEN, in his official capacity as Vice Chair of the Iowa Racing & Gaming Commission; MICHAEL BOAL, in his official capacity as Member of the Iowa Racing & Gaming Commission; ALAN OSTERGREN, in his official capacity as Member of the Iowa Racing & Gaming Commission,<br><br>*Defendants.* | Case No.: 4:26cv00109-SHL-HCA<br><br>**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff KalshiEX LLC ("Kalshi"), pursuant to Federal Rule of Civil Procedure 65, moves for a preliminary injunction to restrain the Defendants, Brenna Bird, in her official capacity as Attorney General of Iowa; Tina Eick, in her official capacity as Administrator of the Iowa Racing & Gaming Commission; Amy Burkhart, in her official capacity as Chair of the Iowa Racing & Gaming Commission; Daryl Olsen, in his official capacity as Vice Chair of the Iowa Racing & Gaming Commission; Michael Boal, in his official capacity as Member of the Iowa Racing & Gaming Commission; and Alan Ostergren, in his official capacity as Member of the Iowa Racing & Gaming Commission ("Defendants") from (1) enforcing preempted state laws against Kalshi

during the pendency of this action; and (2) any other relief deemed appropriate by this Court.  In support of its motion, Kalshi states as follows:

1.   Kalshi is a designated contract market ("DCM") regulated by the Commodity Futures Trading Commission ("CFTC").  The Commodity Exchange Act ("CEA") provides that the CFTC shall have exclusive jurisdiction to regulate DCMs like Kalshi.

2.   Kalshi filed this lawsuit because it reasonably believes Defendants intend to enforce preempted Iowa state laws against Kalshi.

3.   The grounds for Kalshi's requested relief are further described in the contemporaneously filed Brief in Support of its Motion for Preliminary Injunction.

4.   Further, in support of this Motion and Brief in Support, Kalshi submits the Declarations of Andrew L. Porter and Xavier Sottile.

5.   Kalshi respectfully requests oral argument before the Court on the issues raised herein.

WHEREFORE, Kalshi respectfully requests oral argument on these issues and prays that the Court enters an Order that preliminarily enjoins Defendants from enforcing preempted state laws against Kalshi and that provides other relief as is equitable under the circumstances.

DATED: May 11, 2026

Respectfully submitted,

WEINHARDT & LANTZ, P.C.

By: /s/ Andrew J. Graeve
Mark E. Weinhardt       AT0008280
Andrew J. Graeve        AT0015662
Jason R. Smith          AT0014862
2600 Grand Avenue, Suite 450
Des Moines, IA 50312

2

Telephone: (515) 244-3100
mweinhardt@weinhardtlantz.com
agraeve@weinhardtlantz.com
jsmith@weinhardtlantz.com

and

Neal Katyal (*pro hac vice* forthcoming)
Joshua B. Sterling (*pro hac vice* forthcoming)
William E. Havemann (*pro hac vice* forthcoming)
**MILBANK LLP**
1101 New York Avenue NW
Washington D.C. 20005
Telephone: 202-835-7500
Facsimile: 202-263-7586

Grant R. Mainland (*pro hac vice* forthcoming)
Andrew L. Porter (*pro hac vice* forthcoming)
Karen Wong (*pro hac vice* forthcoming)
**MILBANK LLP**
55 Hudson Yards
New York, NY 10001
Telephone: 212-530-5000
Facsimile: 212-530-5219

*Attorneys for Plaintiff KalshiEX LLC*

PROOF OF SERVICE

The undersigned certifies that the foregoing instrument was served upon the parties to this action by serving a copy upon each of the attorneys of record on May 11, 2026 via CM/ECF.

Signature:    /s/ Madison Politoski